## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAKAR FOOD INC., a New York Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No. |

### PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**Plaintiff Luxottica Group S.p.A.** for its claims against **Defendant Dakar Food Inc.** respectfully alleges as follows:

### JURISDICTION AND VENUE

1.  Plaintiff files this action against Defendant for trademark infringement, and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the statutory and common law of New York. This Court has subject matter jurisdiction over the Federal trademark infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2.  This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, since those claims are related to and arise from the same set of facts as Plaintiff's Lanham Act claims.

3.  This Court has personal jurisdiction over Defendant because Defendant is incorporated and conducts business in this judicial district.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted and the wrongful acts described herein arose within this judicial district.

## THE PARTIES

5.  Plaintiff Luxottica Group S.p.A. ("Luxottica") is a corporation duly organized under the laws of Italy with its principal place of business in Milan, Italy and an office located at 4000 Luxottica Place, Mason, Ohio 45040-8114. Luxottica is, in part, engaged in the business of producing, manufacturing and distributing throughout the world, including within this judicial district, premium, luxury and sports eyewear products under federally registered trademarks, including but not limited to the Ray-Ban® family of trademarks.

6.  Upon information and belief, Defendant Dakar Food Inc. is a New York Corporation with its principal place of business located at 1 Powerhouse Road, Roslyn Heights, New York 11577.

7.  Luxottica is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Luxottica will seek leave to amend this complaint when their true names and capacities are ascertained. Luxottica is informed and believes, and based thereon alleges, that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendant and was acting within the course and scope of said agency and employment.

8.  Luxottica is informed and believes, and based thereon allege, that at all relevant times herein, Defendant knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Luxottica further alleges that Defendant had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. Luxottica's World Famous RAY-BAN® Brand and its Products

9. Luxottica is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

10. Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

11. Ray-Ban® products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores throughout the United States, including New York, and reaches customers nationally and internationally online at www.ray-ban.com.

12. Luxottica is the owner of various trademarks under the Ray-Ban® brand, including but not limited to the following United States Trademark Registrations (collectively "Ray-Ban Marks"):

| Trademark | Registration No. | Good And Services |
|---|---|---|
| *Ray-Ban* (logo) | 650,499 | sunglasses, shooting glasses, and ophthalmic lenses, in class 26. |
| | 1,093,658 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| | 1,726,955 | bags; namely, tote, duffle and all-purpose |

| | | |
|---|---|---|
| | | sports bags, in class 18. |
| | | cloths for cleaning ophthalmic products, in class 21. |
| | | clothing and headgear; namely, hats, in class 25. |
| RAY-BAN | 1,080,886 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles – in class 9. |
| | 1,490,305 | clothing, namely, t-shirts, in class 25. |
| | 2,718,485 | goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards in class 18. clothing for men and women, namely, polo shirts; headgear, namely, berets and caps. |
| *Ray-Ban* (circular logo) | 1,320,460 | sunglasses and carrying cases there for, in class 9. |
| *Ray-Ban* (red rectangle logo) | 3,522,603 | sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |

13. Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Marks. As a result, products bearing the Ray-Ban Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality eyewear products sourced from Luxottica. The Ray-Ban Marks qualify as "famous marks" as defined in 15 U.S.C. §1125(c)(1).

14. Luxottica has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Marks. These registrations are valid and the majority are incontestable.

15. The Ray-Ban Marks have never been abandoned and are a symbol of Luxottica's quality, reputation, and goodwill.

16. Accordingly, the Ray-Ban Marks have achieved secondary meaning as an identifier of high quality eyewear.

### B. Defendant's Infringing Activities

17. Upon information and belief, Luxottica hereon avers that Defendant has imported, manufactured, designed, advertised, marketed, distributed, offered for sale, and/or sold products bearing counterfeit reproductions of the Ray-Ban Marks ("Counterfeit Products").

18. Specifically, sunglasses bearing the Ray-Ban Marks were recently observed on display and offered for sale at a gas station doing business as "CITGO" located at 1 Powerhouse Road in Roslyn Heights, New York. Representatives from Luxottica have reviewed samples of the eyewear obtained from said gas station and confirmed the products as being counterfeit.

19. Defendant's use of the Ray-Ban Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of its Counterfeit Products, is without Luxottica's consent or authorization.

20. Defendant has never been authorized by Luxottica to manufacture, sell or offer for sale products bearing any of the Ray-Ban Marks. Moreover, Defendant has never been a licensee of Luxottica and has never been licensed in any manner to import, sell, distribute, or manufacture any merchandise bearing the Ray-Ban Marks.

21. Upon information and belief, the Counterfeit Products obtained from Defendant are of a quality substantially different than that of Luxottica's genuine Ray-Ban® goods. Defendant, upon information and belief, is actively using, promoting and

otherwise advertising, distributing, selling and/or offering for sale Counterfeit Products with the knowledge and intent that such goods will be mistaken for genuine high quality Ray-Ban® products, despite Defendant's knowledge that it is without authority to use the Ray-Ban Marks. The net effect of Defendant's actions will cause consumer confusion at the time of initial interest, sale, and in the post-sale setting, who will believe Defendant's Counterfeit Products are genuine goods originating from, associated with, and approved by Luxottica.

22. Upon information and belief, at all times relevant hereto, Defendant has had full knowledge of Luxottica's ownership of the Ray-Ban Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

23. Upon information and belief, Defendant has engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Luxottica's rights for the purpose of trading off the goodwill and reputation of Luxottica. If Defendant's willful infringing activities are not preliminarily and permanently enjoined by this Court, Luxottica and the consuming public will continue to be damaged.

### FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement - 15 U.S.C. § 1114)**

24. Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

25. The Ray-Ban Marks are both nationally and internationally recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and coming from Luxottica.

26. The registrations embodying the Ray-Ban Marks are in full force and effect and Luxottica has authorized responsible manufacturers and vendors to sell merchandise with these marks.

27. Defendant's unauthorized use of the Ray-Ban Marks in interstate commerce, and advertising relating to the same, constitutes false designation of origin and a false representation that its goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Luxottica or come from the same source as Luxottica's goods and are of the same quality as that assured by the Ray-Ban Marks.

28. Defendant's infringing use of the Ray-Ban Marks is without Luxottica's permission or authority and in total disregard of Luxottica's rights to control its trademarks.

29. Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Luxottica has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Luxottica.

30. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Luxottica and reap the benefit of Luxottica's goodwill associated with the Ray-Ban Marks.

31. As a direct and proximate result of Defendant's willful and infringing conduct, Luxottica has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Luxottica's trademarks.

32. Luxottica has no adequate remedy at law.

33. In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendant from using the Ray-Ban Marks, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Luxottica has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an

amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition – 15 U.S.C. §1125(a))

34. Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

35. Defendant's unauthorized use of the Ray-Ban Marks on counterfeit merchandise in interstate commerce, and advertising relating to the same, constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Luxottica or come from Luxottica when in fact they do not.

36. Defendant's use of the Ray-Ban Marks is without Luxottica's permission or authority and in total disregard of Luxottica's rights to said marks.

37. Luxottica has been irreparably damaged by Defendant's unfair competition and misuse of the Ray-Ban Marks.

38. Luxottica has no adequate remedy at law.

39. Defendant's egregious conduct in using the Ray-Ban Marks to promote eyewear that it knows does not in fact originate or is associated/affiliated with the RAY-BAN® brand is willful and intentional and was intended to capitalize on the goodwill Luxottica established in said marks.

40. In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendant from using the Ray-Ban Marks, or any trademarks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition under New York Common Law)

41.     Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

42.     Luxottica owns and enjoys common law trademark rights in the Ray-Ban Marks in the State of New York and throughout the United States.

43.     Defendant's infringing activities in appropriating rights in Luxottica's common law trademarks are intended to capitalize on Luxottica's goodwill for the purpose of Defendant's own pecuniary gain.  Luxottica has expended substantial time, resources and efforts to obtain an excellent reputation for Luxottica brands.  As a result of Luxottica's efforts, Defendant is now unjustly enriched and is benefiting from intellectual property rights that rightfully and exclusively belong to Luxottica.

44.     Defendant's unauthorized use of the Ray-Ban Marks has caused and is likely to cause confusion as to the source of Defendant's Counterfeit Products, to the detriment of Luxottica.

45.     Defendant's acts are willful, deliberate, and intended to confuse the public and/or to injure Luxottica.

46.     Defendant's acts constitute unfair competition, palming off, and/or misappropriation in violation of New York common law, for which Plaintiff is entitled to recover any and all remedies provided by such common law.

47.     Luxottica has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's aforementioned infringing activities, unless Defendant is permanently enjoined by this Court.

48.     The conduct herein complained of was, and continues to be, extreme, outrageous, and fraudulent, and was, and continues to be, inflicted on Luxottica in reckless disregard of Luxottica's common law trademark rights in the Ray-Ban Marks. Said conduct was and continues to be harmful to Luxottica, and as such supports an

award by this Court of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant and to deter Defendant from similar conduct in the future.

49. Luxottica has no adequate remedy at law.

50. In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendant from using the Ray-Ban Marks, or marks identical and/or confusingly similar thereto, for any reason; to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain as a result of Defendant's infringing acts alleged herein; to recover all gains, profits and/or advantages obtained by Defendant as a result thereof, in an amount not yet known; and to recover from Defendant the costs associated with this action.

## PRAYER FOR RELIEF

WHEREFORE, Luxottica respectfully prays for judgment against Defendant on all claims, as follows:

1. For entry of an ORDER granting permanent injunctive relief restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

   (a) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Counterfeit Products and/or any other products that bear the Ray-Ban Marks, or any other marks confusingly similar thereto;

   (b) engaging in any other activity constituting unfair competition with Luxottica, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica;

   (c) engaging in any other activity that will dilute the distinctiveness of the Ray-Ban Marks;

    (d) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Luxottica;

  2. For entry of an ORDER for an accounting by Defendant of all gains, profits, and/or advantages derived from its infringing acts;

  3. For entry of an ORDER directing Defendant to file with this Court and serve on Luxottica within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

  4. For an assessment of the damages suffered by Luxottica, trebled, and an award of all profits that Defendant has derived from using the Ray-Ban Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that Luxottica be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

  5. For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

  6. For an award of punitive damages in connection with its claims under New York;

  7. Such other relief as may be just and proper.

Dated: September 23, 2016  Respectfully Submitted,
    Los Angeles, California

            /s/ Cindy Chan_____
            Brent H. Blakely (BB1966)
            Cindy Chan (CC1981)
            Blakely Law Group
            1334 Parkview Avenue, Suite 280
            Manhattan Beach, CA 90266
            Telephone: (310) 546-7400
            Facsimile: (310) 546-7401
            ***Attorneys for Plaintiff***

*Luxottica Group S.p.A.*

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Luxottica Group, S.p.A hereby demands a trial by jury of all claims in this litigation.

Dated: September 23, 2016  
Los Angeles, California

Respectfully Submitted,

/s/ Cindy Chan_____  
Brent H. Blakely (BB1966)  
Cindy Chan (CC1981)  
Blakely Law Group  
1334 Parkview Avenue, Suite 280  
Manhattan Beach, CA 90266  
Telephone: (310) 546-7400  
Facsimile:  (310) 546-7401  
*Attorneys for Plaintiff*  
*Luxottica Group S.p.A.*